UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON R.,<br><br>                 Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                 Defendant. | Case No. C22-5060-MLP<br><br>ORDER |

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in discounting his testimony, the lay evidence, and the medical opinions, and that these errors led to errors in the ALJ's residual functional capacity ("RFC") assessment and the step-five findings. (Dkt. # 14 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1972, has a high school diploma, and has worked as an electrical technician, construction inspector, construction laborer, and mining welder millwright. AR at 133-34. Plaintiff was last gainfully employed in 2015. *Id.* at 151.

ORDER - 1

In January 2016, Plaintiff applied for benefits, alleging disability as of March 25, 2015. AR at 133-34. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 63-66, 71-77. After the ALJ conducted a hearing in November 2017 (*id*. at 440-69), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 46-58.

The Appeals Council granted Plaintiff's request for review, finding error in the ALJ's decision, and issued its own decision finding Plaintiff not disabled. AR at 7-14, 125-27. The U.S. District Court for the Western District of Washington reversed, remanding the case for further administrative proceedings. *Id*. at 580-88.

On remand, a different ALJ held a hearing in July 2021 (AR at 497-553), and subsequently issued a decision finding Plaintiff not disabled. *Id*. at 473-88. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 5.)

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical

ORDER - 2

testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Did Not Harmfully Err in Discounting Plaintiff's Testimony or the Lay Statements

The ALJ summarized Plaintiff's allegations and explained that he discounted them because: (1) Plaintiff made inconsistent statements about his need for and use of a cane; (2) Plaintiff made inconsistent statements regarding his activities (namely working on cars, fishing, and playing with his grandchildren); (3) Plaintiff's allegations and statements were inconsistent with treatment notes referencing, *inter alia*, his work clearance and current enrollment in construction management program; (4) Plaintiff testified at the hearing that he needed to recline for 3-4 hours per day but never mentioned this to his providers; (5) Plaintiff reported that his pain was controlled by medication and he did not follow up on a recommendation for physical therapy; and (6) Plaintiff's activities are inconsistent with his allegations. AR at 478-82. Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's allegations. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff raises several challenges to the ALJ's reasoning. First, Plaintiff argues that the ALJ erred in finding that the evidence did not support his allegation that he needed to use a cane, because most of the evidence the ALJ cites is from telemedicine appointments where Plaintiff's gait was not observed. (Dkt. # 14 at 16.) The ALJ, however, cited multiple appointments where

ORDER - 3

Plaintiff's gait was observed to be normal and he was not using a cane. *See* AR at 479-80 (citing *id*. at 313, 320, 954-55, 964-65, 1008, 1030, 1092, 1262-63).

Plaintiff also disputes whether the ALJ identified any actual inconsistencies that detract from his allegations, positing that "most of [the statements identified by the ALJ] simply show that [his] impairments have worsened over the course of *more than six years*." (Dkt. # 14 at 16.) The Court disagrees. The ALJ pointed to inconsistencies in Plaintiff's statements when compared with his wife's statements, regarding the extent of Plaintiff's ability to work on cars, drive, and socialize/leave his home. AR at 480-81 (citing *id*. at 168, 182, 810, 840, 1257). While some of the statements the ALJ relied upon were years apart, and could therefore reflect an increase in symptoms, the ALJ did identify some statements that were made close in time and thus constitute a meaningful inconsistency. *Id*.

Next, Plaintiff disputes the ALJ's reliance on evidence that he was in school to obtain a construction management degree in 2020, which contradicted his 2021 hearing testimony. Plaintiff argues that because it is not clear that he was in school at the time of the 2021 hearing, and the ALJ did not ask him about this, his statements were not inconsistent. (Dkt. # 14 at 16-17.) But at the 2021 hearing, the ALJ asked Plaintiff whether he had received any education since he graduated from high school and Plaintiff denied any additional education. *See* AR at 524. Thus, the ALJ did ask Plaintiff about his education, and Plaintiff's report to a provider in 2020 directly contradicts his testimony. The ALJ did not err in relying on that inaccuracy as a reason to discount Plaintiff's testimony.

Plaintiff also disputes whether he failed to comply with treatment recommendations, contending that "during the cited time frame," he received orthopedic treatment for lumbar radiculopathy and lumbar spinal stenosis. (Dkt. # 14 at 17.) But the ALJ cited evidence that

ORDER - 4

Plaintiff failed to follow up on a referral for physical therapy in February 2019, as well as evidence that Plaintiff abruptly ended an appointment when a provider refused to prescribe opioid medication. *See* AR at 1023. Plaintiff's argument does not explain why this does not undermine the veracity of his allegations, and thus fails to establish error.

Lastly, Plaintiff contends that the ALJ erred in relying on his activities as a reason to discount his allegations because none of his activities are inconsistent with his allegations, nor do they demonstrate the existence of transferable work skills. (Dkt. # 14 at 17.) The ALJ listed a variety of activities that could be inconsistent with the limitations Plaintiff alleged, although the ALJ did not identify any particular inconsistency. AR at 482. Even if the ALJ's reasoning is insufficient due to lack of specificity, any error is harmless because the ALJ provided many other independent, valid reasons to discount Plaintiff's testimony. *See Carmickle v. Comm'r of Soc. Sec. Admin*. 533 F.3d 1155, 1162-63 (9th Cir. 2008).

In light of the ALJ's multiple valid reasons (including some unchallenged lines of reasoning) to discount Plaintiff's testimony, the Court affirms this portion of the ALJ's decision, as well as the ALJ's discounting of similar allegations (AR at 164-71) provided by Plaintiff's wife. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony")).

**B.     The ALJ Did Not Err in Assessing the Medical Opinion Evidence**

Plaintiff challenges the ALJ's assessment of several medical opinions, each of which the Court will address in turn.

ORDER - 5

1. *Legal Standards*[1]

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). An ALJ must provide a germane reason to discount an opinion written by a non-acceptable medical source, such as a physical therapist. *See, e.g.*, *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (lay testimony from non-acceptable medical sources may be expressly disregarded if the ALJ gives germane reasons for doing so).

2. *Beth Liu, M.D.*

Dr. Liu examined Plaintiff in May 2016 and wrote a narrative report describing disabling physical symptoms and limitations. AR at 319-22. The ALJ gave little weight to Dr. Liu's opinion, finding it inconsistent with the longitudinal record and the testimony of the medical expert ("ME"), and undermined by Dr. Liu's reliance on Plaintiff's non-credible self-report. *Id*. at 483-84.

Plaintiff contends that the ALJ's reasons are not legitimate. Plaintiff states, in conclusory fashion, that Dr. Liu's opinion is in fact consistent with the longitudinal record, and that the ME considered only Plaintiff's orthopedic impairments. (Dkt. # 14 at 4.) Plaintiff has failed to establish error in this aspect of the ALJ's reasoning because Plaintiff has not addressed the ALJ's citation to objective evidence in the record revealing Plaintiff to be less limited than Dr. Liu

---

[1] Because Plaintiff applied for disability before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 apply to the ALJ's consideration of medical opinions.

indicated. *See* AR at 481-82. Specifically, the ALJ listed Plaintiff's normal physical examinations, demonstrated ability to ambulate unassisted, and reported improvement in pain symptoms with medication. *Id*. Plaintiff did not explain why these findings were not inconsistent with Dr. Liu's conclusions, nor did Plaintiff explain why the ME's testimony regarding the lack of support for Dr. Liu's conclusions was not a legitimate reason to discount Dr. Liu's opinion. *See id*. at 513-16. Because the ALJ reasonably found Dr. Liu's opinion to be inconsistent with the medical evidence in the record and as well as undermined by ME's testimony, the ALJ did not err in discounting Dr. Liu's opinion on this basis. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

Moreover, Dr. Liu listed Plaintiff's self-report as one of the sources she relied upon in rendering her conclusions and, as discussed *supra*, the ALJ validly discounted Plaintiff's self-report. *See* AR at 321. Thus, the ALJ did not err in discounting Dr. Liu's opinion to the extent she relied on Plaintiff's self-report. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the district court noted, however, the treating physician's prescribed work restrictions were based on Bray's subjective characterization of her symptoms. As the ALJ determined that Bray's description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements.").

        3.    *Dennis Kim, M.D.*

Dr. Kim, Plaintiff's primary care provider, reviewed Dr. Liu's opinion and affirmed her conclusions in February 2017, going on to opine that Plaintiff could not attempt even sedentary work at that time. AR at 433-34. The ALJ discounted Dr. Kim's opinion for the same reasons he discounted Dr. Liu's opinion. *Id*. at 484-85.

ORDER - 7

The ALJ did not err in discounting Dr. Kim's opinion as inconsistent with the longitudinal record, as explained *supra*. The record contains many normal physical examinations, including those indicating that Plaintiff can walk unassisted without difficulty, as well as reports of improved pain symptoms with medication. *See* AR at 481-82. And, because Dr. Kim, like Dr. Liu, referenced Plaintiff's self-reports in rendering his conclusions, the ALJ reasonably discounted Dr. Kim's opinion to the extent he relied on Plaintiff's discounted self-reports. *See Bray*, 554 F.3d at 1228; *Tommasetti*, 533 F.3d at 1041.

    4.  *Marsha Hiller, PT*

Plaintiff requested that Ms. Hiller perform a functional capacities evaluation in October 2017, "to assist in filing for Social Security Disability." *See* AR at 435-39. Based on Plaintiff's "participation and reaction" to the testing, Ms. Hiller opined that Plaintiff was unable to "work in any capacity at this time." *Id*. at 439.

The ALJ gave little weight to Ms. Hiller's conclusions, noting that her conclusions were based on a one-time evaluation and inconsistent with the longitudinal record, particularly examinations in 2015 and 2016, which show many normal findings, and do not suggest that Plaintiff's condition changed between that time and Ms. Hiller's evaluation in 2017. AR at 485. The ALJ also noted that Ms. Hiller appeared to be unaware that Plaintiff had been able to return to work after his 2013 injury. *Id*.

Plaintiff disputes the ALJ's reasoning, contending that Ms. Hiller's conclusions are supported by her examination. (Dkt. # 14 at 8.) The ALJ did not disagree with Plaintiff's point, however, but emphasized that Ms. Hiller's examination was out of step with the remainder of the longitudinal treatment record, which contained many normal functional findings and referenced

improved pain symptoms with medication. AR at 485. This inconsistency is a germane reason to discount an opinion provided by a non-acceptable medical source.

Plaintiff also disputes whether his return to work in 2014, after his injury, has any bearing on Ms. Hiller's conclusions, because he alleges disability since March 2015. (Dkt. # 14 at 9.) Plaintiff overlooks that Ms. Hiller referenced Plaintiff's inability to "keep up" with work tasks ever since his 2013 injury, which suggests that Ms. Hiller was unaware that Plaintiff had been able to return to work after the injury and thus may have overestimated the severity of the 2013 injury. *See*, *e.g.,* AR at 449-50. To the extent that Ms. Hiller was unaware of Plaintiff's work history, this lack of familiarity with Plaintiff's history is a germane reason to discount her opinion.

        5.      *W. Michael Rogers, Psy.D.*

Dr. Rogers performed a psychological evaluation of Plaintiff in April 2016 and wrote a narrative report describing Plaintiff's symptoms and limitations. AR at 313-17. Dr. Rogers's functional assessment reads as follows:

> The claimant appears to have the capacity to reason and to understand. Memory functioning seems largely intact. The claimant's level of concentration appears somewhat off; he reports this as well. He does indicate having a moderate level of persistence, however. Interpersonally, the claimant comes across as cooperative and fairly easy to engage. Activities of daily living seem manageable with some assistance bending. The claimant's overall level of adaptation seems moderate.

*Id*. at 317.

The ALJ gave Dr. Rogers' opinion some weight, discounting Dr. Rogers' conclusions regarding Plaintiff's concentration and adaptation abilities, finding that the longitudinal record does not corroborate the existence of "ongoing difficulties in these domains." AR at 477. The ALJ also noted that Plaintiff reported improvement when he was taking psychotropic medication. *Id*.

Plaintiff argues that the ALJ erred in characterizing the longitudinal record because it, in fact, shows that he has "longstanding problems with anxiety and depression." (Dkt. # 14 at 10.) Plaintiff's argument is belied by the minimal mental health treatment records as well as another psychological evaluation indicating that Plaintiff does not have any mental limitations. *See* AR at 1256-59. The ALJ found Plaintiff's depression and anxiety not severe at step two, and Plaintiff did not challenge that finding. *See id*. at 476-77. Under these circumstances, Plaintiff has failed to show that the ALJ erred in characterizing the longitudinal record.

Plaintiff also argues that his inability to continue to afford psychotropic medication is not a legitimate reason to discount Dr. Rogers' opinion (dkt. # 14 at 10), but Plaintiff misses the ALJ's point. The ALJ cited Plaintiff's improvement with medication as evidence that his mental limitations were not disabling, but did not rely on his failure to continue taking those medications as a reason to discount his allegations. The purpose for which the ALJ cited Plaintiff's improvement with medication is legitimate. *See Thomas*, 278 F.3d at 957 (ALJ may consider improvement with treatment in discounting physician's opinion).

    6.  Robert Thompson, M.D.

The ALJ gave great weight to the 2021 hearing testimony of Dr. Thompson, finding it to be consistent with the longitudinal record, which he reviewed before testifying, as well as consistent with Plaintiff's demonstrated functioning. AR at 482-83.

Plaintiff suggests that the ALJ erred in crediting Dr. Thompson's testimony because the ALJ failed to acknowledge factors that, from his perspective, undermine the value of the testimony. (Dkt. # 14 at 10.) Plaintiff cannot show error in the ALJ's crediting of Dr. Thompson's testimony, however. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one).

Because the ALJ was not required to provide any reasons to credit Dr. Thompson's testimony, Plaintiff cannot show that the ALJ's reasoning was deficient, or that the ALJ erred in failing to discount the testimony.

### 7. *Miscellaneous Medical Evidence*

Plaintiff summarizes various parts of the medical record, but acknowledges that this evidence does not reference any particular functional limitations. (Dkt. # 14 at 10-15.) This summary is not tethered to a specific argument and does not advance Plaintiff's assignment of error, and need not be discussed further.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 11th day of October, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge